**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**The RATH PACKING COMPANY, et al., Defendants.**

**Civ. No. 77-57-D.**

United States District Court, S.D. Iowa, Davenport Division.

Jan. 11, 1984.

Charles F. Swisher and Steven Weidner, Swisher & Cohrt, Waterloo, Iowa, for Rath Packing Co.

Sue Phillips, Trial Atty. of St. Louis, Beltan, Mo., for EEOC.

STUART, Chief Judge.

The Court has before it defendant Rath Packing Company's motion to stay further proceedings in this action pursuant to 11 U.S.C. §§ 105 and 362, and 28 U.S.C. § 1651. Plaintiff has resisted the motion. Accordingly, the Court concludes that the motion to stay is ready for ruling.

After more than six years of litigation, on September 30, 1983, Special Master A.V. Hass submitted his Report and Recommendation as to the appropriate remedies to be awarded based on the Court's earlier determination that defendants had violated Title VII. On November 1, 1983, defendant Rath Packing Company filed a petition for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Iowa. The Court ordered the parties to report to the Court the effect they thought Rath Packing Company's bankruptcy filing should have on the proceedings in this action on November 16, 1983.

Defendant Rath Packing Company contends that the Court should stay its consideration of the special master's Report and Recommendation. Any proceedings on the portions of the Report and Recommendation concerning remedies for past violations, according to defendant, would violate the automatic stay provision, 11 U.S.C. § 362(a)(1). This contention is based on defendant's assertion that the recommended retrospective remedies are not meant to enforce plaintiff's police or regulatory powers, and thus are not excepted from the bankruptcy automatic stay by 11 U.S.C. § 362(b)(4).[1] Defendants state that

---

1. Title 11, United States Code, Section 362 provides in pertinent part:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1979 (15 U.S.C. 78eee(a)(3)), operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

. . . . .

(b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3)), does not operate as a stay—

. . . . .

(4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; . . . .

plaintiff's litigation of this action is actually meant only to compensate persons aggrieved by defendant's past discrimination. Defendant also contends that the Court should exercise its discretion not to consider the recommended prospective injunctive relief because it would be wasteful in light of the small probability that such relief would ever take effect under the facts of this action.

Plaintiff contends that, because its primary purpose is to eradicate discrimination and because it is merely seeking to liquidate its judgment, the Court's consideration of the special master's Report and Recommendation and entry of judgment thereon are excepted from the bankruptcy automatic stay by § 362(b)(4). According to plaintiff, the authority relied on by defendant is distinguishable because the agency enforcement actions held stayed by § 362(a)(1) in cases cited by defendant involved situations in which the enforcement action would have resulted in a direct conflict with the bankruptcy court's control of the bankruptcy estate, with a resulting preference to the administrative agency. Plaintiff asserts that, in the circumstances of this action, it merely seeks to promote judicial economy to have this Court liquidate and enter its judgment, allowing proceedings to enforce the judgment to be addressed by the United State Bankruptcy Court for the Northern District of Iowa.

■ The automatic stay provided for under 11 U.S.C. § 362(a) is fundamental to an orderly and fair disposition of bankruptcy proceedings. It serves the salutary purposes of giving the debtor a breathing spell, allowing for a genuine attempt at repayment and reorganization, and eliminating the possibility for certain creditors to obtain unfair preferences by seeking relief against the debtor's property. 2 Bankruptcy Service—Lawyer's Edition § 15:17, at 29 (1983); 2 Collier on Bankruptcy § 362.04 (1983). In excepting from the automatic stay all actions by governmental units to enforce the units' police or regulatory powers, Congress recongized that public interests might override the interests of the

debtor. As explained in the legislative history of the governmental police powers exception,

[p]aragraph (4) excepts commencement or continuation of actions and proceedings by governmental units to enforce police or regulatory powers [from the automatic stay]. Thus, where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, *or attempting to fix damages for violation of such a law,* the action or proceeding is not stayed under the automatic stay.

H.R.Rep. No. 95–595, 95th Cong., 2d Sess. 343, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 6299 (italics added). It is significant that no provision of the bankruptcy code excepts from the automatic stay any proceedings that would allow for *enforcement* of a judgment. *SEC v. First Fin. Group,* 645 F.2d 429, 437 (5th Cir.1981).

■ Plaintiff, pursuant to federal law, provides leadership and coordination to the federal government's efforts to enforce federal law and policy requiring equal employment opportunity without regard to sex. It has a mandate to work efficiently and to maximize its enforcement efforts. 42 U.S.C. § 2000e–14; *see* Executive Order No. 12,067, *reprinted in* 42 U.S.C.A. § 2000e at 25 (1981); Reorganization Plan No. 1 of 1978 § 6, 5 U.S.C.A. App. I, at 162 (abolishing Equal Employment Opportunity Coordinating Council; placing EEOC in charge of Title VII enforcement). In an effort to carry out its mandate plaintiff has pursued the litigation of this action vigorously. Although one effect of enforcement of the judgment in this action would be compensation to certain individuals, the Court is asked to allow plaintiff to continue proceedings only to the point of liquidation and entry of judgment. Finding the proceedings up to entry of judgment to fall within the governmental police powers exception would be proper for two reasons.

First, the exclusive authority of plaintiff to enforce federal law and policy against discrimination would be obstructed by the

escape mechanism that § 362(a) would provide if EEOC enforcement actions would be stayed on the filing of a bankruptcy petition. It is clear that by enacting § 362(b)(4) Congress did not intend this result. *In re Mansfield Tire & Rubber Co.,* 660 F.2d 1108, 1116 (6th Cir.1981); *SEC v. First Fin. Group,* 645 F.2d 429, 439 n. 16 (5th Cir.1981); *see Ahrens Aircraft, Inc. v. N.L.R.B.,* 703 F.2d 23, 24 (1st Cir.1983). Last, allowing proceedings to proceed to the point at which judgment is entered will not interfere with the bankruptcy court's control of the bankruptcy estate. Thus, plaintiff will not obtain an unfair preference, but proper consideration of a liquidated debt. This also supports the conclusion that proceedings up to judgment entry fall within the governmental police powers exception. *Missouri v. United States Bankruptcy Court,* 647 F.2d 768, 776 (8th Cir.1981); *In re Mansfield Tire & Rubber Co.,* 660 F.2d 1108, 1113 (6th Cir.1981); *SEC v. First Fin. Group,* 645 F.2d 429, 439 (5th Cir.1981); *N.L.R.B. v. Evans Plumbing Co.,* 639 F.2d 291, 293 (5th Cir.1981). In summary the Court concludes that proceedings in this action up to entry of judgment are excepted from the automatic stay by § 362(b)(4). The Court shall not exercise its discretion to distinguish retrospective and prospective relief.

IT IS THEREFORE ORDERED that defendant Rath Packing Company's motion to stay proceedings in this action is denied to the extent of proceedings that will result in entry of final judgment.