**UNITED STATES of America**

v.

**NICOLET, INC., et al.**

**Civ. A. No. 85–3060.**

United States District Court,
E.D. Pennsylvania.

Jan. 12, 1988.

Edward S.G. Dennis, Jr., U.S. Atty., Virginia Gibson–Mason, Asst. U.S. Atty., Philadelphia, Pa., for plaintiff.

Joseph G. Manta, Philadelphia, Pa., for Nicolet.

John Patrick Kelley, John P. Mason, Philadelphia, Pa., for Turner & Newall PLC.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

On May 30, 1985, the United States filed suit against defendant Nicolet, Inc., pursuant to Section 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a). The United States alleged that Nicolet is liable for past and future response costs in connection with responding to a release or threatened release of asbestos from a facility owned and operated by Nicolet. Nicolet filed a third party complaint against Turner & Newall, PLC ("T & N"), alleging that T & N was liable for the response costs and/or was liable for contribution or indemnity to Nicolet for such costs as a consequence of T & N's relationship to the previous owner of the Nicolet site. The United States was granted leave to amend its complaint and made T & N an additional defendant.

On July 17, 1987, Nicolet filed a voluntary petition for reorganization under

Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 1101 *et seq.*, in the Bankruptcy Court for the Eastern District of Pennsylvania. On September 1, 1987, this Court, having taken judicial notice of the filing of the bankruptcy petition, pursuant to Section 362(a) of the Bankruptcy Code, without having severed defendant T & N, issued an Order placing this action in the Civil Suspense File. The United States, on September 11, 1987, moved this Court to reconsider its Order of September 1, 1987, and declare that the action against defendant Nicolet was not stayed by operation of 11 U.S.C. § 362(a). The United States argued that because its action against Nicolet involves the exercise of governmental police and regulatory powers within the meaning of 11 U.S.C. § 362(b)(4) and (5), the action is exempt from the automatic stay provided by § 362(a).

For the reasons discussed below, this Court shall vacate its Order of September 1, 1987 on the ground that the automatic stay provision of the Bankruptcy Code does not apply to this action by the United States against Nicolet.

The automatic stay provision, 11 U.S.C. § 362, generally stays the commencement or continuation of judicial proceedings against the debtor upon filing of a petition in bankruptcy. The pertinent provisions of 11 U.S.C. § 362(a) provide:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay applicable to all entities, of—

(1) the commencement or continuation ... of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title.

The automatic stay provided for in § 362(a) is, however, subject to a list of exceptions set forth in Section 362(b) of the Bankruptcy Code. The pertinent provisions of 11 U.S.C. § 362(b) provide:

(b) The filing of a petition under section 301, 302, or 303 of this title ... does not operate as a stay—

.    .    .    .    .

(4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

(5) under subsection (a)(2) of this section, of the enforcement of a judgement, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

The sole question before this Court is whether the United States's cost recovery action against defendant Nicolet is a "proceeding by a governmental unit to enforce such governmental unit's police or regulatory power." It is clear that this action brought by the government to recover past and future response costs is not stayed by the operation of the automatic stay provisions of the Bankruptcy Code. Indeed, in passing the revisions to the Bankruptcy Code in 1978, the House of Representatives stated that: "where a governmental unit is suing a debtor to stop violation of fraud, *environmental protection,* consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay." H.Rep. No. 595, 95th Cong., 2d Sess. 343, *reprinted in* 1978 U.S.Code Cong. & Ad.News, 5787, 5963, 6299 (emphasis added). The Supreme Court, referring to pre-Bankruptcy Code law, observed the change in congressional intent as follows:

Between 1973 and 1978, some courts had stretched the expanded automatic stay to foreclose State's efforts to enforce their antipollution laws, and Congress wanted

to overrule these interpretations in its 1978 revision.

*Midlantic National Bank v. New Jersey Dept. of Environmental Protection,* 474 U.S. 494, 106 S.Ct. 755, 761, 88 L.Ed.2d 859 (1986). The Third Circuit, in *Brock v. Morysville Body Works, Inc.,* 829 F.2d 383, 388 (3d Cir.1987), stated that Section 362(b)(4) and (5) "exempts from the automatic stay equitable actions brought by state and federal agencies to correct violations of regulatory statutes enacted to promote health and safety." In *Penn Terra Ltd. v. Dept. of Environmental Resources,* 733 F.2d 267, 274 (3d Cir.1984), this Circuit stated that "no more obvious exercise of the State's power to protect the health, safety and welfare of the public can be imagined" than actions to rectify harmful environmental hazards. Thus, it is clear that any action by the United States to enforce its police or regulatory powers under CERCLA is, pursuant to Section 362(b)(4) of the Bankruptcy Code, exempt from the automatic stay provision.

CERCLA authorizes three types of enforcement actions by the United States to protect the health, safety, and welfare of the public. *See e.g.,* H.R.Rep. No. 1016, 96th Cong., 2d Sess. 1, 17–18, *reprinted in* 1980 U.S.Code Cong. & Ad.News 6119, 6119–20 (the purpose of CERCLA is to provide "for appropriate environmental response action to protect public health and the environment from the dangers posed by hazardous waste sites," which "present a serious risk to public health"). Under CERCLA, the United States may (1) obtain injunctive relief, (2) seek the imposition of fines or penalties, or (3) undertake the cleanup of hazardous sites and seek recovery of response costs from the responsible parties. *See* 42 U.S.C. §§ 9604(a), (b), and (c), 9606(a) and (b), and 9607(a) and (c). Courts have uniformly held that the first two enforcement mechanisms: (1) the seeking of injunctive relief, and (2) the seeking of fines and penalties, fall squarely within the paragraph (4) exception to the automatic stay. *See Penn Terra Ltd. v. Dept. of Environmental Resources, supra,* 733 F.2d at 274 (exempting from automatic stay provisions, action by state Department

of Environmental Resources seeking compliance by bankrupt coal mine operator with environmental statute); *United States v. Wheeling–Pittsburgh Steel Corp.,* 818 F.2d 1077, 1086–87 (3d Cir.1987) (exempting from automatic stay provisions, action by Environmental Protection Agency seeking compliance by bankrupt steel corporation with consent decree concerning federal environmental legislation); *Brock v. Morysville Body Works, Inc.,* 829 F.2d 383, 388–89 (3d Cir.1987) (exempting from automatic stay provisions action by OSHA seeking compliance by bankrupt manufacturer with safety regulations). In each of these cases, the Third Circuit exempted actions filed by a governmental unit from the automatic stay provisions on the ground that it was "an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power." *See also United States v. Standard Metals Corp.,* 49 B.R. 623 (D.Colo.1985) (civil fines and penalties); *United States v. Ilco, Inc.,* 48 B.R. 1016, 1023–24 (N.D.Ala.1985) (same).

This Court concludes that the third option to the United States under CERCLA, the cleanup of hazardous sites and recovery of response costs is similarly "an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power." Cost recovery actions are an integral component of one of the regulatory enforcement actions authorized by CERCLA—the cleaning up of hazardous waste sites by the United States. Indeed, under this cost recovery action, the United States seeks to complete its enforcement of Section 104 of CERCLA, 42 U.S.C. § 9604, which authorized removal of hazardous waste from sites, by recovering the costs of that removal from the defendants. By filing its cost recovery action, the United States is, within the meaning of Section 362(b)(4) of the Bankruptcy Code, enforcing its police or regulatory power. Indeed, the only courts to have addressed the issue have found that cost recovery actions constitute "an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power." *See*

*United States v. Mattiace Industries, Inc.,* 73 B.R. 816, 819 (E.D.N.Y.1987); *United States v. Michael Mackay,* No. 85–C–6925 (N.D.Ill. Jan. 17, 1986) [Available on WESTLAW, 1986 WL 1583]. Clearly, all government enforcement actions under CERCLA, whether it be the seeking of injunctive relief, the recovery of penalties, or cost recovery actions, are exempted from the automatic stay provisions of the Bankruptcy Code.

Accordingly, this Court will vacate its Order of September 1, 1987 and Order the action removed from the Civil Suspense File.

### ORDER

AND NOW, this 12th day of January, 1988, for the reasons set forth in this Court's Memorandum of January 12, 1988,

IT IS ORDERED that this Court's Order of September 1, 1987 staying the action against defendant Nicolet and placing the matter in the Civil Suspense File is VACATED; and

IT IS FURTHER ORDERED that this action is removed from the Civil Suspense File and shall proceed against defendant Nicolet and Turner & Newall, PLC; and

IT IS FURTHER ORDERED that all discovery in this case shall be completed by February 29, 1988; and

IT IS FURTHER ORDERED that the Final Pretrial Conference shall be held in chambers (Room 10613 United States Courthouse, 601 Market Street, Philadelphia) on Thursday, March 24, 1988 at 9:00 a.m. for the purpose of reviewing the Final Pretrial Order. *Trial counsel shall attend said Conference.* The Final Pretrial Order shall be prepared in accordance with Judge Broderick's Standing Order re Pretrial and shall be filed in chambers one week prior to the date of said Pretrial Conference; and

IT IS FURTHER ORDERED that this case is placed on the trial list for the month of April, 1988.