**UNITED STATES of America**

v.

**NICOLET, INC., et al.**

**Civ. A. No. 85–3060.**

United States District Court,
E.D. Pennsylvania.

March 3, 1988.

Edward S.G. Dennis, Jr., U.S. Atty., Virginia Gibson–Mason, Asst. U.S. Atty., Philadelphia, Pa., for U.S.

Joseph G. Manta, Philadelphia, Pa., for Nicolet.

### MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Pursuant to Section 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a), the United States ("plaintiff") filed suit against defendant Nicolet, Inc. for the recovery of costs incurred by the Environmental Protection Agency ("EPA") in the removal of allegedly hazardous substances from property presently owned by Nicolet. On July 17, 1987, Nicolet filed a voluntary petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101, *et seq.* Pursuant to 11 U.S.C. § 1102(e)(1), the Bankruptcy Court appointed a committee ("Creditors' Committee") to represent the interests of unsecured creditors in the bankruptcy proceedings. Creditors' Committee has moved for leave to intervene as a party defendant under clause (1) of Rule 24(a) of the Federal Rules of Civil Procedure as a matter of statutory right and under clause (2) of that rule because the disposition of the action would, as a practical matter, impair its ability to protect its interests. For the reasons stated below, this Court will deny Creditors' Committee's motion for leave to intervene.

Federal Rule of Civil Procedure 24(a)(1) provides that a party may intervene "when a statute of the United States confers an unconditional right to intervene ..." The Creditors' Committee has asserted such an unconditional right to intervene based upon Section 1109 of the Bankruptcy Code. Such a position is without merit inasmuch as Section 1109 confers an unconditional right to intervene only in bankruptcy proceedings:

> A party in interest, including the ... creditors' committee ... may raise and may appear and be heard on any issue in a *case under this chapter.* (emphasis added).

11 U.S.C. § 1109(b). As the Third Circuit stated in *In re Marin Motor Oil, Inc.,* 689 F.2d 445, 449–50 (3d Cir.1982), "[t]he words 'this chapter' in section 1109(b) denote Chapter 11 of the Bankruptcy Code, the Chapter which deals specifically with reorganizations." The litigation presently pending before this Court is not a case "under" Chapter 11 of the Code, but, rather, involves a CERCLA claim which this Court has previously ruled is exempt from the stay provisions of the Bankruptcy Code. *See United States v. Nicolet, Inc.,* 81 B.R. 310, 312–13 (E.D.Pa.1988). Accordingly, Creditors' Committee does not have a right of intervention under F.R.C.P. 24(a)(1).

Federal Rule of Civil Procedure 24(a)(2) permits intervention "when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." The Third Circuit, in *Commonwealth of Pennsylvania v. Rizzo,* 530 F.2d 501, 504 (3d Cir.), *cert. denied,* 426 U.S. 921, 96 S.Ct. 2628, 49 L.Ed.2d 375 (1982) has stated that an applicant must meet three criteria in order to intervene as a right under F.R.C.P. 24(a)(2):

> [F]irst, that they had sufficient interest in the matter, and that their interest would be affected by the disposition; second, that their interest was not adequate-ly represented by the existing parties; and third, that their application was time-ly.

This Court need not address either Creditors' Committee's interest in the matter or the timeliness of the motion since the Court concludes that any interests of the Creditors' Committee is adequately represented by the existing defendants.

The Third Circuit, in *Delaware Valley Citizens' Council v. Commonwealth of Pennsylvania,* 674 F.2d 970, 973 (3d Cir. 1982) stated that:

> Representation is generally considered adequate if no collusion is shown between the representative and an opposing party, if the representative does not represent an interest adverse to the proposed intervenor and if the representative has been diligent in prosecuting the litigation.

*See also Olden v. Hagerstown Cash Register, Inc.,* 619 F.2d 271, 275–75 (3d Cir. 1980) (per curiam). The record is totally void of any evidence of collusion between Nicolet and the United States. In fact, the record clearly demonstrates that Nicolet has vigorously defended this action, both pre- and post-bankruptcy. As debtor in possession, defendant Nicolet has all the duties of a trustee in actively participating in its defense, *see* 11 U.S.C. § 1107 and, therefore, continues to litigate this matter with precisely the same interest as that held by the Creditors' Committee. Because the Creditors' Committee has failed to demonstrate that its interests are not being adequately represented by defendant Nicolet, the Creditors' Committee does not have a right to intervene under F.R.C.P. 24(a)(2).

For the reasons stated, this Court will deny the Creditors' Committee's Motion for Leave to Intervene as a Party Defendant.