[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff moves that the defendant be found in contempt for violation of this court's injunction. Defendant objects because he is in bankruptcy.
FACTS
On March 4, 1988, the plaintiff, as Zoning Enforcement Officer of the Town of Suffield (Town), brought this injunction action for using 795 South Street in Suffield in violation of the Town's zoning regulations and for failing to comply with two cease and desist orders regarding that violation. CT Page 6530
On April 14, 1988, this court entered judgment in favor of plaintiff[1] pursuant to a stipulated agreement between the parties. The judgment enjoined defendant from various uses of his property unless he obtained approval from the Town by October 1, 1988. Specifically, the uses enjoined included: "(a) any use of the subject property as a contractor's yard including, but not limited to the storage or parking of commercial vehicles, trucks, trailers, and equipment; (b) any office use including, but not limited to the use of mobile trailers as office facilities; (c) all and any use not permitted by the Suffield Zoning Regulations." The judgment further provided that any violation of the judgment would result in a fine of $400 per day.
On April 17, 1990, defendant petitioned for a Chapter 11 bankruptcy in the U.S. Bankruptcy Court and an automatic stay of proceedings pursuant to 11 U.S.C. § 362(a) was granted.
On August 17, 1990, plaintiff filed a motion that defendant be adjudged in contempt and ordered to pay fines. Specifically the motion seeks: that the defendant be held in contempt for violating the terms of the April 14, 1988 judgment; that the defendant be fined $400 per day for every day found in violation of that judgment, and that the defendant be ordered to pay counsel fees, sheriff's fees, and all costs.
On August 27, 1990, defendant filed a brief in support of his objection to plaintiff's motion maintaining that plaintiff's motion violates the automatic stay provision of11 U.S.C. § 362.
In a letter to the court dated April 1, 1991, Attorney Andrew G. Messina, Jr. requested the court to decide the legal question which is the subject of defendant's objection prior to holding an evidentiary hearing on the contempt motion.
LAW
The 11 U.S.C. § 362 provides in pertinent part:
 362 Automatic stay (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of — (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the CT Page 6531 commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; (3) any act to obtain possession of property of the estate or of property from the estate; . . . (b) The filing of a petition under section 301, 302, or 303 of this title does not operate as a stay — (4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; (5) under subsection (a)(2) of this section, of the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;
"The general policy behind . . . section [362] is to grant complete, immediate, albeit temporary relief to the debtor from creditors, and also to prevent dissipation of the debtor's assets before orderly distribution to creditors can be affected." Penn Terra Ltd. v. Dept. of Environmental Resources, 733 F.2d 267, 271 (3d Cir. 1984).
The purpose of the exceptions to the stay are explained in the legislative history of the Code:
 Paragraph (4) [of 362] excepts commencement or continuation of actions and proceedings by governmental units to enforce police or regulatory powers. Thus, where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay. Paragraph (5) makes clear that the exception extends to permit an injunction and enforcement of an injunction, and to permit the entry of CT Page 6532 a money judgment, but does not extend to permit enforcement of a money judgment. Since the assets of the debtor are in possession and control of the bankruptcy court, and since they constitute a fund out of which all creditors are entitled to share, enforcement by a governmental unit of money judgment would give it preferential treatment to the detriment of all other creditors.
United States v. Standard Metals Corp., 49 B.R. 623, 625
(D.C. 1985) (citing H.R. Rep. No. 595, 95th Cong., 1st Sess. 343, reprinted in 1978 U.S. Code Cong. Ad. News 5787, 5963, 6299).
Thus there are two questions for the court. (1) whether the plaintiff's actions come within the police or regulatory power of the state, and (2) if they do then whether the plaintiff's motion for contempt is an attempt to enforce a money judgment.
I. Police or Regulatory Power of the State
Conn. Gen. Stat. 8-2 authorizes the zoning commission of each town to adopt regulations in accordance with a comprehensive plan to promote health and general welfare. Is that part of our state police power? "[T]he exception to the automatic stay provision contained in subsections 362(b)(4)-(5) should itself be construed broadly, and no unnatural efforts be made to limit its scope." Penn Terra Ltd., 733 F.2d at 273. Construed broadly, as required, under subsection 362(b)(4)-(5), the Town's efforts to enforce its zoning regulations through a contempt motion is within the police power of the state.
II. Enforcement of a Money Judgment
If a person in a poor financial position knows that any action to assess a fine will be stayed by filing for bankruptcy, he will have little incentive to correct violations of governmental regulations. Standard Metals Corp., 49 B.R. 623
m 625 (D.C. 1985). "The public's safety, health and welfare would be placed in jeopardy by eliminating the practical deterrent of the fine in those circumstances. It is the purpose of 362(b)(4) to prevent endangerment of the public that would result from permitting a bankrupt to avoid statutes and regulations enacted in furtherance of governmental police powers." Our situation falls squarely within section 362(b)(4)'s purpose. CT Page 6533
 [T]he mere entry of a money judgment by a governmental unit is not affected by the automatic stay, provided of course that such proceedings are related to that government's police or regulatory powers. Quite separate from the entry of a money judgment, however, is a proceeding to enforce that money judgment. The paradigm for such a proceeding is when, having obtained a judgment for a sum certain, a plaintiff attempts to seize property of the defendant in order to satisfy that judgment.
Penn Terra Ltd., 733 F.2d at 275.
Here plaintiff seeks to have the defendant held in contempt for violation of a judgment requiring compliance with the Town's Zoning Regulations and fined $400 per day for every day he is found in violation of that judgment. We have no existing judgment for a sum certain, only a judgment entered in accordance with an agreement that a fine of $400 per day be paid by defendant for every day found in violation of the zoning regulations after October 1, 1988. Enforcement of this contempt motion is not enforcement of a money judgment but merely the assessment of fines that will then become a money judgment related to the state's police powers. That is an exception to the automatic stay provision of the bankruptcy code.
Objection overruled.
N. O'NEILL, J.