In re William Lee KOVACS dba/ B & W Enterprises, Hamilton Industrial Real Estate Company, Resort Rentals and Whitco Enterprises, Debtor.

STATE OF OHIO, ex rel. William J. BROWN, Attorney General of Ohio, et al., Plaintiff,

v.

William Lee KOVACS, et al.

Bankruptcy No. 1–80–01499.
Adv. No. 1–80–0249.

United States Bankruptcy Court, S.D. Ohio, W.D.

Feb. 23, 1982.

E. Dennis Muchnicki, Asst. Atty. Gen., Environmental Law Sec., Columbus, Ohio, for plaintiff State of Ohio.

E. Hanlin Bavely, Kelley, Grossheim & Bavely, Cincinnati, Ohio, for defendant trustee.

William H. Eder, Jr., Wood, Lamping, Slutz & Reckman, Cincinnati, Ohio, for defendant Kovacs.

John A. Garretson, Grevey, Ferris & Green, Hamilton, Ohio, for plaintiff Jack Zettler, receiver.

## DECISION AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

BURTON PERLMAN, Bankruptcy Judge.

Defendant in this adversary proceeding is debtor in the related bankruptcy case. Defendant was a party to state court litigation brought by the State of Ohio, on the relation of its Attorney General, director of Environmental Protection and Department of Natural Resources, which eventuated in an agreed Judgment Entry filed in the Butler County Court of Common Pleas. That Entry personally bound defendant to certain obligations. In the instant litigation, the plaintiff State of Ohio seeks a declaration that the obligations imposed upon defendant by the consent decree are non-dischargeable. It is to be noted that the complaint in this proceeding is not limited to the foregoing relief, but seeks in addition relief by way of an injunction against defendant and the trustee from taking any action to recover assets from the state court receiver or from interfering with that receiver in the performance of his duties.

The evidentiary record upon which this motion proceeds consists entirely of a stipulation entered into between the parties to which are attached Exhibits A through J. The following facts are found based upon the stipulation. Defendant and one Bruce Whitten were the chief executive officers of Chem-Dyne Corporation which was engaged in the business of brokering, hauling, storing disposing and recycling of industrial and hazardous waste at a facility in Hamilton, Ohio. The State of Ohio filed the above mentioned suit in Butler County Common Pleas Court against Chem-Dyne Corporation, other corporate entities, and Whitten and defendant, the latter being sued both as individuals and officers of Chem-Dyne. The gravamen of the complaint was that defendants had caused water pollution and a public nuisance, contrary to the laws of Ohio, by the manner in which they conducted their business. The litigation was terminated by a stipulation and Judgment Entry filed on July 18, 1979 which Entry was signed personally by defendant. The Judgment Entry ordered the defendants, including defendant here, inter alia, to: refrain from causing water pollution; refrain from causing or allowing the emission of noxious exhalations or noisome or offensive smells; remove and dispose of all industrial waste and/or other wastes on the premises within twelve (12) months; and pay $75,000.00 to the Department of Natural Resources. Because defendants did not do what was required of them by the Judgment Entry, the State of Ohio sought appointment of a receiver to accomplish the requirements of the Judgment Entry. The court granted that motion and appointed a receiver. The order appointing the receiver established, inter alia, the receiver's authority and powers to carry into effect the obligations imposed upon defendant and the others by the Judgment Entry, and required defendant to cooperate with the receiver.

In its memorandum in chief (p. 15) movant states the provisions of the Judgment Entry imposing obligations upon defendants which plaintiff here seeks to have declared non-dischargeable: to refrain from causing water pollution in violation of Chapter 6111; refrain from creating a nuisance by not causing or allowing the emission of noxious exhalations or noisome or offensive smells, to remove and dispose of all industrial and/or other wastes from the premises at 500 Ford Boulevard within twelve months from the signing of the order; and to make a certain payment to the Ohio Department of Natural Resources. (In its memorandum plaintiff says that the instant proceeding does not concern the obligation of defendant to pay a monetary penalty to the Division of Wild-life, since plaintiff concedes that that provision creates a right to payment which constitutes a claim, and therefore the last named injunctive provision is not, says the plaintiff, to be a subject of the present motion.) Furthermore, it is clear that the negative injunctions, to refrain from causing water pollution etc. and to refrain from creating a nuisance etc. are mooted since defendant is not in possession of the premises, since a receiver has been installed there. This leaves as the real subject of the present motion the affirmative obligation imposed upon defendant by the Judgment Entry that he remove and dispose of all industrial and/or other wastes at the subject premises. It is plaintiff's position that this obligation is non-dischargeable as a matter of law. Its theory is that that obligation does not constitute a claim or debt susceptible to discharge under 11 U.S.C. § 727(b), and a discharge extends only to debts and claims.

While the complaint in this proceeding to the extent here relevant is entitled Complaint to Determine Non-Dischargeability, the usual section of the Bankruptcy Code which comes into play when questions of dischargeability arise, 11 U.S.C. § 523, is not invoked by plaintiff. Instead, plaintiff appears to seek a declaration that the aforementioned affirmative obligation of the state court Judgment Entry will not be discharged by the discharge which may be granted to debtor in the related bankruptcy case.

As a relevant part of the background to the present initiative of plaintiff State of Ohio, we note that in the related bankrupt-

cy case of debtor, on October 31, 1980 there was entered a Decision (hereafter "Prior Decision") by this court on debtor's Motion for Specific Stay Order. In that Motion, debtor had sought to restrain proceedings brought by the State of Ohio in the Butler County Common Pleas Court designed to recover from the debtor post-petition personal earnings. We granted that motion, holding that efforts to make such collection were within the stay provisions of 11 U.S.C. § 362. In our Decision, we said that: "We hold, therefore, that the State is estopped to deny that it is not seeking to enforce a money judgment against debtor." The District Court affirmed our Decision (April 30, 1981), the Court making express mention with approval of the above quoted holding. We are informed that the State of Ohio is pursuing a further appeal to the Sixth Circuit Court of Appeals in that matter.

What is at stake in the present motion is whether defendant's bankruptcy will discharge the affirmative obligation imposed upon him by the Judgment Entry, that he remove and dispose of all industrial and/or other wastes at the subject premises. If plaintiff is successful here, it would be able to levy on defendant's wages, the action prevented by our Prior Decision, after defendant's bankruptcy case is closed and/or the stay of 11 U.S.C. § 362 as interpreted by our Prior Decision is no longer in force. The parties have crystallized the issue here in simple fashion, plaintiff stoutly insisting that the just identified affirmative obligation is not a monetary obligation, while defendant says that it is. The problem arises, of course, because it is not stated as a monetary obligation. Essentially for this reason plaintiff argues that it is not a monetary obligation. Yet plaintiff in discussing the background for the Judgment Entry says that it expected that defendant would generate sufficient funds in his ongoing business to pay for the clean-up. Moreover, we take judicial notice that plaintiff sought discovery with respect to defendant's earnings, the matter dealt with in our Prior Decision, for the purpose of levying upon his wages, a technique which has no application other than in the enforcement of a

money judgment. There is no suggestion by plaintiff that defendant can render performance under the affirmative obligation other than by the payment of money. We therefore conclude that plaintiff has a claim against defendant within the meaning of 11 U.S.C. § 101(4), and that defendant owes plaintiff a debt within the meaning of 11 U.S.C. § 101(11). Furthermore, we have concluded that that debt is dischargeable.

In order for the debt to be nondischargeable, a provision with respect to it would have to be found within 11 U.S.C. § 523. An examination of that section indicates that it is § 523(a)(7) which is relevant. There it is provided:

"§ 523. Exceptions to Discharge.

(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—

(7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss . . ."

It must be clear from what we have said above and without further discussion, that the significance to plaintiff of the affirmative obligation of the Judgment Entry is that defendant pay compensation to plaintiff for pecuniary loss, that occasioned by the necessity for the clean up. Discharge of such an obligation is not barred by the provisions of 11 U.S.C. § 523(a)(7). Plaintiff therefore is not entitled to summary judgment, since it is not entitled to judgment as a matter of law as required by B.R. 756.

In reaching this conclusion we have found the decision In re Tauscher, 7 B.R. 918 (Bkrtcy.Wis.1981) in its discussion of § 523(a)(7) illuminating. In applying that section the court found a distinction between a money penalty which was found to be nondischargeable, and back wages owed by the defendant which were found to be dischargeable.

Plaintiff with great industry has reviewed the legislative history of the Bankruptcy Code with respect to the definitions

of "claim" and "debt", § 101(4) and § 101(11), for the purpose of demonstrating that defendant's affirmative obligation under the Judgment Entry is not a "claim". That review culminates in a formulation by plaintiff that this follows because (1) there is no authority which creates in plaintiff a right to payment as an alternative remedy to debtor's compliance with the injunction of the Judgment Entry; and (2) that debtor's conduct which entitled plaintiff to injunctive relief was a "violation of law" not a "breach of performance" and debtor's failure to comply with the injunction was a "contempt of court" not a "breach of performance." An essential part of the argument of the plaintiff is that defendant owes an obligation to plaintiff by reason of the injunction to perform the acts required by the injunction, and it could not substitute for that obligation to the State a payment of money to the State, and in order to qualify as a claim, such a right would have to exist. We are not persuaded by plaintiff's arguments. Plaintiff gives too inflexible a reading to the legislative history. Where, as here, plaintiff has itself treated its rights under the Judgment Entry as a right to payment, and in no way is it suggested that right amounts to anything other than a right to payment, can we permit a party to hide behind words to avoid the plain thrust of the law.

Plaintiff's analysis of the case cited by defendant, *In re Button,* 8 B.R. 692 (Bkrtcy. W.D.N.Y.1981) is both informative and inappropriate. *Button* held that a restitution order imposed as a condition of probation imposed for a criminal violation is not dischargeable in bankruptcy. Plaintiff urges that we deal with the matter before us in the same manner, as though defendant had been convicted of a crime. The law does not permit us to do that. Plaintiff seems determined to ignore the language of the District Court in its Opinion, Case No. C–1–81–59, April 30, 1981, (D.C.S.D., Ohio, Western Division), affirming our Prior Decision where Judge Spiegel said:

"Finally, the Court is somewhat disturbed by its impression that the State is attempting to punish Mr. Kovacs for not complying with the 1979 Judgment, and in the process is subverting the purpose of the Bankruptcy Code.

\* \* \* \* \* \*

*There are criminal sanctions which the State may invoke against Mr. Kovacs if he has violated environmental protection laws and regulations. The Bankruptcy Code may not be used as a substitute for such criminal sanctions."* (*Emphasis supplied.*)

Plaintiff's motion is denied.

SO ORDERED.

### FINAL JUDGMENT ENTRY

For the reasons provided in this Court's decision of February 23, 1982, Plaintiffs' motion for summary judgment is denied. Since the denial of Plaintiffs' motion is made as a matter of law, the Court's decision denying Plaintiffs' motion is dispositive of the case brought before the Court by the complaint in this adversary proceeding. Accordingly, final judgment is entered in favor of the Defendants.