PER CURIAM.
In 1979, William Kovacs, along with Chem-Dyne Corporation and other business entities, were engaged in the industrial waste disposal business in Hamilton, Ohio. The state of Ohio sued Kovacs individually and as an officer of the defendant corporations, alleging that the defendants had caused water pollution, nuisance conditions and fish kills in violation of Ohio law. Ko-vacs signed a Stipulation and Judgment Entry in the Butler County Common Pleas Court on July 18, 1979, which enjoined him from causing further pollution and required him to remove all industrial wastes from the premises of Chem-Dyne Corporation within twelve months.
On February 1, 1980, because of noncompliance with the court’s earlier judgment, the Common Pleas Court granted Ohio’s motion appointing a receiver of Kovacs’s non-exempt property and assets along with the assets of related corporate entities. The receiver was also directed to effect the clean-up of the Chem-Dyne site.
Among other things, the state court’s order contained the following provisions:
*455 It is further ordered that Mr. Jack Zettler be appointed receiver of all property or assets, wherever situated, whether real or personal, tangible or intangible, and all interests, whether legal or equitable, in property or assets, of William Ko-vacs, except to the extent of any property exempt from the control of a receiver by operation of law;
:j< s{8 j|< % %
The receiver shall have power and authority to receive and collect any and all sums of money due or owing to the defendant business entities or defendant Kovacs in any manner, whether the same are now due or shall hereafter become due and payable ....
* * * * * 5}!
It is further ordered . .. that each of the business entities and defendant Ko-vacs, and all officers, agents, and employees of the Defendant business entities and defendant Kovacs be enjoined and ordered to cooperate fully with the receiver in the performance of such duties or the exercise of such powers.
Kovacs filed a personal petition in bankruptcy under Chapter 11 of the Bankruptcy Act on July 17, 1980. This action was converted to a straight bankruptcy under Chapter 7 on September 2,1980, by order of the United States Bankruptcy Court for the Southern District of Ohio.
On September 13, 1980, Ohio filed a motion in the Butler County Court of Common Pleas for a hearing to determine Kovacs’s current employment status and income. In response, Kovacs filed a motion with the bankruptcy court, seeking to restrain the proceedings in the Ohio state court. The bankruptcy judge concluded that the State sought the information in state court about Kovacs’s current income “as a preliminary to requesting an order from that court which would require that part of debtor’s current income be applied” to the receiver’s efforts to complete Kovacs’s unfulfilled obligation to clean up the industrial wastes from the Chem-Dyne location. The bankruptcy judge determined that Kovacs was entitled to an automatic stay of the state court proceedings under 11 U.S.C. § 362 (Supp.1979), and accordingly enjoined the state of Ohio on October 31, 1980 from proceeding further in state court in its attempt to levy on Kovacs’s post-petition earnings. The bankruptcy court’s judgment was affirmed on appeal to the United States District Court for the Southern District of Ohio, Judge Spiegel presiding, on April 30, 1981.
The applicable provisions of 11 U.S.C. § 362 (Supp.1979) are as follows:
§ 362. Automatic stay
(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—
sfc s}s !{C s}{ s}{
(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
(b) The filing of a petition under section 301, 302, or 303 of this title does not operate as a stay—
(5) under subsection (a)(2) of this section, of the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit’s police or regulatory power; ...
The bankruptcy court concluded that the issue of whether Kovacs’s obligation to clean up the Chem-Dyne site under the Ohio state court’s judgment was discharge-able in bankruptcy was not properly before it, since an adversary proceeding is required to discharge a debtor’s obligation; therefore, it assumed for purposes of argument that it was not dischargeable. The bankruptcy court determined:
The question presented to us is whether what the State is attempting in [its motion in state court to determine Kovacs’s current income] is exempted from the automatic stay of § 362(a)(2) by reason of *456 § 362(b)(5). We hold that it is not, even though in its express language § 362(b)(5) says only that enforcement of a money judgment is subject to the § 362(a)(2) stay, while other enforcement actions obtained by a governmental unit to enforce its regulatory power are excepted from the stay. Neither prior order of the Butler County Common Pleas Court, it is true, gives the State a money judgment with respect to cleaning up the Chem-Dyne premises, but there is no difference in substance between efforts to collect money from a debtor by securing a court order, and efforts to enforce a money judgment against him. We hold, therefore, that the State is estopped to deny that it is seeking to enforce a money judgment against debtor.
In In re Mansfield Tire & Rubber Co., 660 F.2d 1108 (6th Cir. 1981), this court recently examined the automatic stay provisions of § 362. The court examined the legislative history of § 362, which states that governmental action to “prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws” was not subject to the automatic stay. Id. at 1112. The court held that the legislative history mandated that the state of Ohio’s administration of the worker’s compensation claims of the debtor’s employees should not be stayed by the bankruptcy court. The court expressly noted that “[t]he insurance fund, not the debtor’s estate, pays the claims for which the employer has paid the premium.” Id. at 1112-13. The debtor in Mansfield was not subject to making payments on its workers’ claims that would resemble a money judgment, since payment of claims would come from premium funds already deposited by the debtor with the state, upon which the debtor had no legal claim. Accordingly, the exception to the automatic stay was applicable in that case, because enforcement of a money judgment liability was not imposed upon the debtor, and administration of the claims was pursuant to Ohio’s police power.
Marshall v. Tauscher (In re Tauscher), 7 B.R. 918 (Bkrtcy.E.D.Wis.1981), a case discussed in Mansfield, held that assessment of civil money penalties for child labor violations was non-dischargeable and therefore was subject to the exception to the automatic stay. However, the bankruptcy court also found that the exception would not extend to the enforcement of the penalties against the debtor’s estate. See Mansfield, supra at 1114.
We concur with the bankruptcy court’s conclusion that § 362 indicates a clear intent to permit governmental units to continue to enforce their police power through mandatory injunctions despite the filing of a bankruptcy petition, but to deny those units the power to collect money in their enforcement efforts. We further concur with the conclusion of the bankruptcy court and the district court that the state of Ohio in its state court proceedings was seeking what in essence amounted to a money judgment against Kovacs, which was properly subject to the automatic stay. We note that the state court’s order appointing a receiver also ordered that Kovacs turn over all his non-exempt assets to the receiver, and authorized the receiver to collect any sums of money that would become payable to Kovacs in the future. There is very little in substance to distinguish that order and a money judgment. As noted in In re Canarico Quarries, Inc., 466 F.Supp. 1333, 1340 (D.P.R.1979), § 362 “is intended to be given a narrow construction in order to permit governmental units to pursue actions to protect the public health and safety and not to apply to actions by a governmental unit to protect a pecuniary interest in property of the debtor or property of the estate.” To permit the state of Ohio to proceed with its state court action would subvert the purpose of the Bankruptcy Act to rehabilitate debtors and to give them relief from harassing creditors.
AFFIRMED.