OPINION OF THE COURT
BECKER, Circuit Judge.
This petition by the Secretary of Labor, seeking summary enforcement of an uncontested Occupational Safety and Health Administration citation against Morysville Body Works, Inc. (Morysville), a Chapter 11 debtor, presents three issues. We must first decide if we have jurisdiction over this petition, as against the contention that only the Bankruptcy Court (as surrogate for the District Court) has jurisdiction. We conclude both that we have concurrent jurisdiction with the Bankruptcy Court and that we should exercise that jurisdiction over the instant petition. Second, we must decide whether we have jurisdiction to determine issues concerning the applicability of the automatic bankruptcy stay. We also find that we share concurrent jurisdiction with the bankruptcy court over this issue and that we should decide it. Finally, we must determine the effect, if any, that the automatic bankruptcy stay has on the Secretary’s petition. We conclude that, although the stay prevents us from enforcing the petition with regard to the fine required by the citation, it does not extend to that portion of the citation that orders abatement of health and safety violations, and for that portion of the citation, we grant the Secretary’s petition for enforcement.
I. FACTS AND PROCEDURAL HISTORY
On August 3, 1984 Morysville filed for reorganization under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101, in the United States District Court for the Eastern District of Pennsylvania. During the reorganization, Morysville continued operating its truck body manufacturing plant in Boyertown, Pennsylvania. On September 17, 1985 a representative of the Secretary of Labor conducted a health and safety inspection of the Morysville work site. The inspection revealed that Morysville had failed to provide its employees with an eye wash, had not affixed point-of-operation guards on certain machinery, had failed to provide goggles or shields for employees, *385 and had neglected to repair certain electrical equipment. The Secretary subsequently issued a citation charging Morysville with five violations of safety and health standards promulgated under the Occupational Safety and Health Act (OSHA), 29 U.S.C. § 654(a)(2). The citation required Morysville to abate the violations; it also assessed a penalty of $21,000 against the company.
Morysville did not contest the citation within fifteen working days after it was issued. Therefore, on March 4, 1986, the citation became a final order of the Occupational Safety and Health Review Commission that is not reviewable by any court or agency. 29 U.S.C. § 659(a). The Secretary petitioned this Court for summary enforcement of this final order pursuant to 29 U.S.C. § 660. We in essence denied summary enforcement by setting the matter down for oral argument, and we now consider the Secretary’s Petition for Enforcement in light of that argument and the written submissions of the parties.
II. JURISDICTION
Our jurisdiction over this case must be assessed in light of both OSHA and the Chapter 11 petition filed by Morysville. Putting aside for the moment the bankruptcy of Morysville, we look to an OSHA provision, 29 U.S.C. § 660, as the source of our jurisdiction. By its terms, section 660(b) grants us original and exclusive jurisdiction. It provides that the Secretary may obtain “enforcement of any final order of the Commission by filing a petition for such relief in the United States court of appeals for the circuit in which the alleged violations occurred or in which the employer has its principal office_” 29 U.S.C. § 660(b). Section 660(b) also specifically incorporates § 660(a), which provides that “[ujpon the filing of the record with it, the jurisdiction of the court [of appeals] shall be exclusive....”[1]
We must also account for Morysville’s bankruptcy, however, to which the jurisdictional grant of 28 U.S.C. § 1334(b) applies. Section 1334(b) provides:
Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.
This court has defined “related to” as follows:
The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy_ An action is related to bankruptcy if the outcome could alter the debtor’s rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.
Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir.1984); In re Bobroff, 766 F.2d 797, 802 (3d Cir.1985).
In the current case, enforcement of the Commission’s citations against Morysville will undoubtedly alter its liabilities and have an impact on the administration of the debtor’s estate. Enforcement will affect the arrangement, standing, and priorities of Morysville’s creditors. Since the estate of the debtor has an interest in the enforcement of the Secretary’s petition, it is “related to” a case under title 11.
Although section 1334(b) alters the effect of the jurisdictional grant of section 660(b) by expressly rendering it non-exclusive, it does not divest us of our jurisdiction. Rather, the effect of 28 U.S.C. § 1334(b) is to grant the district court overseeing the bankruptcy concurrent original jurisdic *386 tion.[2] We thus share concurrent original jurisdiction with the district court overseeing the petitioner’s bankruptcy, and because the instant enforcement petition was first filed with us, we must decide if we should defer to the district court in this matter.[3]
The purpose of both sections 660(b) and 1334(b) is the expeditious resolution of the controversy at hand. The legislative history of OSHA details this purpose. If an employer wishes to contest a citation, he has numerous procedures which may be followed; when a citation is not contested and has become final, however, the order is uncontestable and is to be entered as “an automatic court enforcement order” of the Court of Appeals. See S.Rep. No. 1282, 91st Cong., 2d Sess., reprinted in 1970 U.S.Code Cong. & Admin.News 5177, 5191; see also id. at 5211; H.R.Conf.Rep. No. 1765, 91st Cong., 2d Sess., reprinted in 1970 U.S.Code Cong. & Admin.News 5228, 5235. Because of the importance of providing a safe workplace for employees, Congress provided summary enforcement to allow the Secretary to expeditiously rectify workplace hazards.
The jurisdictional grant of section 1334(b) similarly exists to allow the expeditious resolution of bankruptcy claims. Transferring controversies that are related to the petitioner's bankruptcy permits the district court to expeditiously complete the bankruptcy proceedings without the necessity of awaiting the outcome of state or federal trials. As the Senate detailed in its report,
This broad grant of jurisdiction will enable the bankruptcy courts, which are created as adjuncts to the district court for the purpose of exercising the jurisdiction, to dispose of controversies that arise in bankruptcy cases or under the bankruptcy code. Actions that formerly had to be tried in State court or in the Federal district court, at great cost and delay to the estate, may now be tried in the bankruptcy court.
S.Rep. No. 989, 95th Cong., 2d Sess. 153 (1978) reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 5939; see also H.R.Rep. No. 595, 95th Cong., 2d Sess. 445 (1977), reprinted in 1978 U.S.Code Cong. & Admin. News 5963, 6400 (using similar language).
Given the reasons for these bases of jurisdiction, no purpose would be served if we were to defer to the district court for it to exercise the original, non-exclusive jurisdiction it shares with us. Transferring this petition would work contrary to the stated purpose of section 660(b) of OSHA. Rather than providing for expeditious enforcement, it would hinder the intended summary process. Moreover, the transfer is not necessary to the expeditious administration of the bankruptcy, the encouragement of which underlies the jurisdictional grant over proceedings related to the bankruptcy. Because no trial is required for this summary process, which is intended to be “automatic,” no delay is created from our exercise of our original, non-exclusive jurisdiction. Indeed, transfer could only occasion delay.[4]
We are cognizant of the countervailing argument against the exercise of our concurrent jurisdiction. Any order we may *387 find enforceable would certainly have financial consequences for the distressed debtor, and it is the bankruptcy court that is familiar with the debtor’s affairs. However, if the debtor were truly threatened by the exercise of our jurisdiction, it could have sought a stay of these proceedings under 11 U.S.C. § 105(a). As one court of appeals has noted, “[t]o the extent that the exercise of this jurisdiction threatens the assets of the debtor’s estate, the bankruptcy court may issue a stay of those proceedings. 11 U.S.C. § 105(A).” Securities and Exchange Comm’n v. First Financial Group of Texas, 645 F.2d 429 (5th Cir. Unit A 1981).[5]
III. THE AUTOMATIC STAY
Having determined that this Court has jurisdiction to enforce the final order of the Commission, the question becomes whether the enforcement petition is stayed by the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362. The general rule under this section is that all non-bankruptcy proceedings against a Chapter 11 petitioner are automatically stayed upon the filing of a Chapter 11 petition. Two issues must be addressed in dealing with the automatic stay provision. Does the court of appeals — as opposed to the bankruptcy court — have jurisdiction to determine the applicability of the provision? If so, does the provision apply to the instant action?
A. JURISDICTION TO DETERMINE APPLICABILITY OF AUTOMATIC STAY
We have no difficulty deciding that we may determine the applicability of the automatic stay. As the Second Circuit has said, “[wjhether the stay applies to litigation otherwise within the jurisdiction of a district court or court of appeals is an issue of law within the competence of both the court within which the litigation is pending ... and the bankruptcy court, supervising the reorganization.” In re Baldwin-United Corporation Litigation, 765 F.2d 343, 347 (2d Cir.1985). The court in which the litigation claimed to be stayed is pending thus “has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to the automatic stay.” Id.; see also NLRB v. Edward Cooper Painting, Inc., 804 F.2d 934, 936, 938-39 (6th Cir.1986) (court of appeals has jurisdiction to determine whether the automatic stay applied to NLRB proceeding pending before it); Hunt v. Bankers Trust Co., 799 F.2d 1060, 1069 (5th Cir.1986) (court has jurisdiction to determine automatic stay provision’s applicability to case pending in Texas district court). Cf. EEOC v. Hall’s Motor Transport Co., 789 F.2d 1011, 1013 (3d Cir.1986) (filing of bankruptcy petition does not act as automatic stay of suit under Title VII). Finding that we have jurisdiction to determine the applicability of the automatic stay provision to the pending petition for enforcement, we turn to the question whether the automatic stay provision applies to the instant action.
B. APPLICATION OF THE AUTOMATIC STAY
11 U.S.C. § 362, the automatic bankruptcy stay provision, generally stays the commencement or continuation of judicial proceedings against the debtor upon the filing of a Chapter 11 petition, including the en *388 forcement of judgments.[6] The section contains certain exceptions:
(b) The filing of a petition under section 301, 302, or 303 of this title ... does not operate as a stay—
[[Image here]]
(4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit’s police or regulatory power;
(5) under subsection (a)(2) of this section, the enforcement of judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit’s police or regulatory power[.]
11 U.S.C. § 362(b)(4), (5).
Because the Secretary had not commenced the instant proceeding before Morysville filed its petition, only paragraph (4) is implicated. The legislative history explains that paragraph (4) provides an exception to the automatic stay “where a governmental unit is suing a debtor to stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law.” H.R.Rep. No. 595, 95th Cong., 2nd Sess. 343, reprinted in 1978 U.S.Code Cong. & Ad.News 5963, 6299 (emphasis supplied); see also S.Rep. No. 989, 95th Cong., 2nd Sess. 52, reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 5838. This court has therefore found that paragraph (4), together with paragraph (5), exempts from the automatic stay equitable actions brought by state and federal agencies to correct violations of regulatory statutes enacted to promote health and safety. See United States v. Wheeling-Pittsburgh Steel, 818 F.2d 1077 (3d Cir.1987); Penn Terra, Ltd. v. Department of Environmental Resources, 733 F.2d 267 (3d Cir.1984); see also Midlantic National Bank v. New Jersey Department of Environmental Protection, 474 U.S. 494, 106 S.Ct. 755, 761, 88 L.Ed.2d 859 (1986) (one of the purposes of paragraph (5) is to protect public health and safety).
There are two components to the citation for which the Secretary seeks summary enforcement. The citation orders Morys-ville to abate its continuing violations of OSHA. It also orders the debtor in bankruptcy to pay a fine of $21,000. In light of the principles applicable to governmental enforcement actions against bankrupt entities, we examine each of these components in turn to determine the respective applicability of the automatic stay.
1. Abatement Orders. In this case, the Secretary seeks enforcement of a final order that in part compels Morysville to abate certain safety violations by requiring the company to install an eye wash, affix point-of-operation guards on machinery, provide goggles or shields for employees, and repair certain electrical equipment. Remedying the stated violations will undoubtedly require Morysville to spend money, perhaps considerable sums, thereby significantly affecting the finances of the distressed corporation. The Secretary’s order, however, was meant to prevent future harm to employees and to restore the work site to a safe condition. This portion of the order is therefore fully prospective, see Penn Terra, 733 F.2d at 274-78; ITT Grinnell Corp. v. Donovan, 744 F.2d 344, 350 (3d Cir.1984), and we shall grant the petition insofar as it orders abatement of violations of the Occupational Safety and Health Act. Cf. Wheeling-Pittsburgh, 818 F.2d at 1086-87 (3d Cir.1987); (bankruptcy no bar to prospective enforcement of Clean Air Act); In re: Commonwealth Oil Re *389 fining Co., 805 F.2d 1175 (5th Cir.1986), cert. denied, — U.S. —, 107 S.Ct. 3228, 97 L.Ed.2d 734 (1987) (same; Resource Conservation and Recovery Act); Cournoyer v. Town of Lincoln, 790 F.2d 971 (1st Cir.1986) (same; zoning ordinance); Penn Terra, 733 F.2d at 274-78 (same; state environmental laws).
We are mindful of the position in which this conclusion may place financially distressed businesses. Although protected by the automatic stay from enforcement of direct money judgments, see infra, companies that have sought bankruptcy protection are not automatically insulated from orders to abate, which may have as great or greater financial consequences than direct money judgments. Nevertheless, an entity that operates in a regulated sphere is obliged to comply with the relevant regulations; otherwise, it must exit the field. As we have specifically found in the OSHA field, “Congress did contemplate that the Secretary’s rule making would put out of business some businesses so marginally efficient or productive as to be unable to follow standards otherwise universally feasible.” AFL-CIO v. Brennan, 530 F.2d 109, 123 (3d Cir.1975). “It would appear to be consistent with the purposes of the [OSH] Act to envisage the economic demise of an employer who has lagged behind the rest of the industry in protecting the health and safety of employees and is consequently financially unable to comply with new standards as quickly as other employers.” American Iron & Steel Institute v. OSHA, 577 F.2d 825, 835 (3d Cir.1978) (quoting Industrial Union Dept. v. Hodgson, 499 F.2d 467, 478 (D.C.Cir.1974)); see also Arkansas-Best Freight Systems, Inc. v. OSHRC, 529 F.2d 649, 654 n. 6 (8th Cir. 1976) (same); cf. Forging Industry Ass’n. v. Secretary of Labor, 773 F.2d 1436, 1453 (4th Cir.1985) (en banc) (finding OSHA safety standard valid “even if it does portend disaster for some marginal firms”).
2. Money Judgment. In addition to enforcement of the abatement order, the Secretary also seeks entry of a money judgment for $21,000. Although Congress was clear in exempting abatement actions from the automatic stay, it plainly drew the line at enforcement of money judgments.
Since the assets of the debtor are in the possession and control of the bankruptcy court, and since they constitute a fund out of which all creditors are entitled to share, enforcement by a governmental unit of money judgment would give it preferential treatment to the detriment of all other creditors.
H.R.Rep. No. 595, 95th Cong., 2nd Sess. 343, reprinted in 1978 U.S.Code Cong. & Ad.News 5963, 6299. Thus, although the stay does not operate against actions or proceedings by governmental units “attempting to fix damages for violation of such a [health and safety] law,” id. at 343, 1978 U.S.Code Cong. & Ad.News at 6299; see also S.Rep. No. 989, 95th Cong., 2nd Sess. 52, reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 5838, it does prevent a governmental unit from enforcing a money judgment. The Secretary is not before us to fix the amount of damages owed by Morysville; under 29 U.S.C. § 659(a), a final determination of that issue has been made. Rather, he in part seeks summary enforcement of a money judgment pursuant to 29 U.S.C. § 660. The automatic stay clearly prevents us from enforcing this portion of the citation. As punishment for past violations, it is not a fully prospective order, which, despite the financial consequences to the distressed corporation, we may enforce to protect workers from the hazards of an unsafe work.
Similarly, the Supreme Court in Ohio v. Kovacs, 469 U.S. 274, 105 S.Ct. 705, 83 L.Ed.2d 649 (1985), distinguished orders requiring the abatement of regulatory violations from the entry of a money judgment. In Kovacs, a receiver was appointed pursuant to state environmental laws to implement compliance with those laws, including the cleanup of discharged pollution. Before the receiver completed the cleanup, however, Kovacs filed for bankruptcy protection. The receiver sought money from the bankrupt estate to effectuate the required environmental cleanup, but the bankruptcy court, the district court, and the court of appeals all found that Ohio was impermissibly attempting to collect *390 from Kovacs a monetary payment. See id. at 707-08; In re Kovacs, 681 F.2d 454 (6th Cir.1982); In re Kovacs, 29 B.R. 816 (Bkrtcy.S.D.Ohio 1982). The Supreme Court affirmed, holding that the enforcement of such a money judgment was contrary to the automatic stay. In a footnote, however, the court explicitly distinguished the prospective enforcement of health and safety regulations at issue in Penn Terra on the basis that it was “an effort to enforce the police power statutes of the State, not a suit to enforce a money judgment.” Kovacs, 105 S.Ct. at 711, n. 11. “The automatic stay provision does not apply to suits to enforce the regulatory statutes of the State,” recognized the Court, “but enforcement of such a judgment by seeking money from the bankrupt ... is another matter.” Id.
We find no feature of federal health and safety regulations that would alter the application of the Supreme Court’s analysis, which concerned only state health and safety laws. Cf. Wheeling-Pittsburgh, 818 F.2d at 1086-87 (applying Penn Terra to Clean Air Act); In re: Commonwealth Oil Refining Co., 805 F.2d 1175 (5th Cir.1986), petition for cert. filed, 55 U.S.L.W. 3622 (Feb. 23, 1987) (No. 86-1400) (Resource Conservation and Recovery Act). We must therefore deny the petition insofar as it seeks entry of a $21,000 judgment.
IV. CONCLUSION
We will grant the Secretary's petition insofar as it seeks to enforce that portion of the citation that orders Morysville to abate its continuing violations of the Occupational Safety and Health Act. We will deny the Secretary’s petition insofar as it seeks to enforce the payment of a $21,000 penalty.

. With all respect to Judge Weis’ reading of the statute, the exclusive jurisdiction provision at the end of subsection (a) appears to us to modify the entire subsection, covering both contested and uncontested citations. Moreover, neither the statute nor logic mandates that exclusive jurisdiction depends on whether the record was returned for additional evidentiary findings.

. Additionally, as one appellate court has noted, “the § 362 exceptions to the automatic stay, as well as the provisions of [former 28 U.S.C.] § 1471(b) [now 28 U.S.C. § 1334(b) ], recognize that courts other than the bankruptcy court have jurisdiction to hear related proceedings involving the debtor.” Securities and Exchange Comm’n v. First Financial Group of Texas, 645 F.2d 429, 439 (5th Cir. Unit A 1981); see also infra Part III.B (discussing applicability of the exceptions to the automatic stay). Finding that the automatic stay did not apply to a Title VII action, a panel of this court had no occasion to question its jurisdiction, despite § 1334(b) and the financial consequences that would flow from any order. See EEOC v. Hall’s Motor Transit Co., 789 F.2d 1011, 1013-14 (3d Cir.1986). Other courts faced with proceedings not within the purview of the automatic stay have similarly found the disputes justiciable. See, e.g., EEOC v. Rath Packing Co., 787 F.2d 318 (8th Cir.1986) (EEOC Title VII action); Ahrens Aircraft, Inc. v. NLRB, 703 F.2d 23, 24 (1st Cir.1983) (per curiam) (NLRB backpay order).

. Conversely, had the petition first been filed with the district court, the issue would concern whether that court should defer to us.

. Similarly, had the petition first been filed with the district court, transfer would work against the reasons for the concurrent original, non-exclusive jurisdiction.

. Additionally, while we hold that the automatic stay is unavailing, see infra Part III.B, case-by-case relief is available to bankrupt debtors through § 105(a). As the House Report recognized in the context of state health and safety regulations,
[t]he States will be able to enforce their police and regulatory powers free from the automatic stay. The bankruptcy court has ample additional power to prevent damage to the bankrupt estate by such actions on a case-by-case basis. By exempting these State actions from the scope of the automatic stay, the court will be required to examine the State actions more carefully, and with a view to protecting the legitimate interests of the State as well as of the estate, before it may enjoin actions against the debtors or the estate.
H.R.Rep. No. 595, 95th Cong., 2d Sess. 175, reprinted in U.S.Code Cong. & Ad.News 5963, 6135. The analysis does not vary where, as here, a federal health and safety regulation is involved.

. 11 U.S.C. § 362(a)(1) provides:
Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—
(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]
11 U.S.C. § 362(a)(2) stays "the enforcement against the debtor or against property of the estate, of a judgment obtained before commencement of the case under this title.”