**UNITED STATES of America**

v.

**SUGARHOUSE REALTY, INC., et al.**

**Civ. A. No. 85–4829.**

United States District Court, E.D. Pennsylvania.

Nov. 12, 1993.

Cynthia J. Giles, Asst. U.S. Atty., Edward T. Ellis, Asst. U.S. Atty., Philadelphia, PA, Susan Dein Bricklin, Julie B. Kaplan, U.S. Dept. of Justice, Environmental Enforcement Section, Richard B. Stewart, Asst. Atty. Gen., Environment and Natural Resources Div., U.S. Dept. of Justice, Washington, DC, for U.S.

James B. Martin, Allentown, PA, Benjamin Paul, Allen B. Dubroff, Astor, Weiss & Newman, Philadelphia, PA, for Sugarhouse Realty, Inc. and William H. Thayer.

Gary M. Schildhorn, Rosanne Miller, Leon Barson, Adelman Lavine Gold and Levin, Philadelphia, PA, for Thomas Lewis.

### MEMORANDUM

CAHN, Chief Judge.

The Government has moved for entry of judgment against Sugarhouse Realty, Inc. and William Thayer ("defendants") in the amount of $1,119,750.00.[1] Defendants argue that the automatic bankruptcy stay prevents the court from entering judgment. For the reasons set forth below, the court will grant the motion and enter judgment accordingly.

### I. FACTUAL BACKGROUND

In December of 1984, Sugarhouse Realty, Inc. purchased the waterfront property that is the subject of this litigation. William Thayer was, at the time of the purchase, president and sole shareholder of Sugarhouse Realty, Inc. On August 10, 1985, after discovering hazardous substances on the property, EPA filed suit pursuant to 42 U.S.C. § 9606 (Comprehensive Environmental Response, Compensation, and Liability Act) and 15 U.S.C. §§ 2606 and 2616 (Toxic Substances Control Act). On November 20, 1985, the court approved a stipulation under which defendants agreed to remove and dis-

---

1. Originally, the Government had calculated the penalties at $1,262,000.00. However, the Government corrected the amount of stipulated penalties due; the original request of the United States was due to an arithmetic error. *See* Supplemental Brief of the United States in Support of its Motion for Entry of Judgment against Defendants at fn. 1 (Oct. 12, 1993).

pose of all hazardous substances by February 1, 1986. The consent decree provided for stipulated penalties against the defendants in the event that they failed to complete the remedial action in a timely fashion.

On May 6, 1991, the court appointed Thomas Lewis as receiver for the limited purpose of liquidating defendants' assets to the extent necessary to effectuate a clean-up of the property. Sugarhouse and Thayer filed for Chapter 11 bankruptcy protection on June 11, 1992 and July 27, 1992, respectively. In December of 1992, after gathering assets in excess of $400,000, the receiver retained OHM Remediation Services to clean up the property. The remediation was completed in February of 1993. On May 24, 1993, the court granted the receiver's uncontested motion for final compensation. On May 25, 1993, the court granted the receiver's uncontested motion for discharge. Additionally, the May 25th order directed the clerk to close the docket. The Government has since asked the court to re-open the litigation so that it could file this motion. On July 23, 1993, the court granted the Government's motion to re-open. Arguments were heard on August 16, 1993. Defendants do not dispute that they incurred stipulated penalties in the amount of $1,119,750.00 prior to the appointment of the receiver.

## II. AUTOMATIC STAY PROVISIONS

■ Defendants argue that 11 U.S.C. § 362(a)(1) stays this proceeding.[2] They are correct only if none of the exceptions to the automatic stay, which are enumerated in 11 U.S.C. § 362(b), are applicable. The government maintains that this proceeding is excepted from the automatic stay by § 362(b)(4).[3] The court has concurrent jurisdiction to determine the applicability of the automatic stay provisions. *Brock v. Morysville Body Works, Inc.*, 829 F.2d 383, 387 (3d Cir.1987) (quoting *In re Baldwin–United Corp. Litigation*, 765 F.2d 343, 347 (2d Cir. 1985)); *Patterson v. Newspaper & Mail Deliverers' Union*, 138 B.R. 149, 152 (S.D.N.Y. 1992).

■ Environmental enforcement actions brought by federal, state and local governmental units to recoup clean-up costs are exempted from the automatic stay by § 362(b)(4). *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1024 (2d Cir.1991); *United States v. Nicolet*, 857 F.2d 202, 210 (3d Cir.1988). Under most circumstances, governmental units may also seek injunctive relief to compel clean-up without running afoul of the automatic stay. *Penn Terra Ltd. v. Department of Environmental Resources*, 733 F.2d 267, 274 (3d Cir.1984). The instant case requires the court to determine if the exemption applies to the Government's pursuit of civil penalties for non-compliance with a consent decree. Defendants argue that since the debtor has paid for a successful clean-up, and the government has no out of pocket costs, further enforcement is unnecessary. In essence, defendants argue that the Government is no longer performing a regulatory function as contemplated by § 362(b)(4). Defendants' position has surface appeal and draws some support from the relevant caselaw. The weight of precedent, however, supports the Government's contention that § 362(b)(4) permits the mere entry of judgment.[4]

In *Brock*, 829 F.2d 383, the Third Circuit Court of Appeals denied in part the Secretary of Labor's petition to enforce an OSHA

---

**2.** Subsection 362(a)(1) provides in pertinent part that "Except as provided in subsection (b) of this section, a petition filed under ... this title ... operates as a stay, applicable to all entities, of—the commencement or continuation ... of a judicial, administrative or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."

**3.** Subsection 362(b)(4) provides in pertinent part that "[t]he filing of a petition under ... this title does not operate as a stay—under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power."

**4.** The Government is seeking *entry* of judgment only, and is not seeking enforcement of the judgment. *See* Supplemental Brief of the United States of America in Support of its Motion for Entry of Judgment Against Defendants, at fn. 2 (Oct. 12, 1993).

citation. *Id.* at 390. The court enforced the citation insofar as it directed the offending employer to abate its continuing violations, but refused to enter judgment in the amount of a $21,000 fine. The court noted that "[a]s punishment for past violations, [the citation] is not a *fully prospective* order, which, despite the financial consequences to the distressed corporation, we may enforce to protect workers from the hazards of an unsafe work[place]." *Id.* at 389 (emphasis added).

■ It is difficult, however, to square the prospectivity requirement enunciated in *Brock* with the more recent holding in *Nicolet.* In *Nicolet,* the Third Circuit Court of Appeals held that the Government's cost recovery action under CERCLA was exempted from the automatic stay. 857 F.2d at 210. The court specifically rejected the debtor's argument that "the exemption for regulatory enforcement is intended to apply only to governmental actions seeking prospective relief, and not to suits demanding money damages for past violations." *Id.* at 208. The court relied upon several cases, from other jurisdictions, in which "the relief sought was monetary rather than prospective; yet in each case the government regulatory agency was permitted to maintain its action up to the point of judgment." *Id.* at 209 (citations omitted). Indeed, the assertion that § 362(b)(4) exempts only enforcement actions seeking prospective relief from the bankruptcy stay, is wholly inconsistent with a series of cases allowing claims for recoupment of environmental clean-up costs to proceed to judgment. *See, e.g., Exxon,* 932 F.2d 1020 (action to recover clean-up cost is not stayed by bankruptcy); *Commerce Oil,* 847 F.2d at 296 (recovering remedial costs is within state's regulatory power).

*Brock* may stand for the less sweeping proposition that § 362(b)(4) permits relief that is prospective and/or compensatory in nature. Even when construed more narrowly, *Brock* is inconsistent with footnote 7 of *Penn Terra.* There, the court discussed the following hypothetical:

> For example, if a coal mining company conducted operations in violation of applicable surface reclamation laws, *then the assessment and collection of a civil penal-*ty *to serve as punishment and deterrence* against future violations would be no less an exercise of the police power than if the State had ordered the company to cease operations entirely.

733 F.2d at 274 n. 7 (emphasis added). The *Penn Terra* court recognized that civil penalties, insofar as they tend to force compliance, play an integral role in environmental enforcement actions.

One might argue that the pursuit of these fines after completion of the clean-up merely advances the Government's pecuniary interest, without any concomitant benefit to the public welfare. It is important, however, to recognize the deterrent value of the fine at the time of imposition. In this case, the stipulated penalties were designed to secure compliance with the consent decree. Their deterrent value would be greatly diminished by an unduly restrictive interpretation of § 362(b)(4). As one court has noted, "[i]f one in precarious financial condition knows that any action to assess a fine will be stayed by the filing for bankruptcy, he will have little incentive to guard against environmental pollution." *United States v. Standard Metals Corp.,* 49 B.R. 623, 625 (D.Colo.1985).

The Sixth Circuit Court of Appeals has held that the imposition of fines may constitute a "regulatory action in the purest sense" notwithstanding the pecuniary benefit to the governmental unit. *Commerce Oil,* 847 F.2d at 296. In *Commerce Oil,* the district court refused to permit the state of Tennessee to assess money damages and civil penalties against the debtor for alleged violations of its water quality laws. The appellate court reversed, holding that § 362(b)(4) does not preclude entry of judgment in the amount of the damages and penalties. *Id.* at 297. The court reasoned that proceedings to fix civil penalties under state environmental laws fall within the regulatory exception. A number of lower court decisions are in accord with this holding. *See, e.g., In re Colon,* 102 B.R. 421, 427 (Bkrtcy.E.D.Pa.1989) (traffic court may impose fines on debtor for pre-petition violations); *O'Brien v. Fischel,* 74 B.R. 546, 551 (D.Hawaii 1987) (court may impose Rule 11 sanctions on debtor); *United States v. Mattiace Industries, Inc.,* 73 B.R. 816, 818 (E.D.N.Y.1987) (Government may seek civil

fines for failure to comply with EPA clean-up order); *In re Tauscher*, 7 B.R. 918, 920 (Bkrtcy.E.D.Wis.1981) (Secretary of Labor may pursue civil penalties for violation of child labor laws).

It is important to note that the Government is seeking the entry of judgment not the enforcement of judgment. The Government concedes that it may not enforce the judgment. As such, defendants' reliance upon § 362(b)(5) is misplaced.[5] Subsection 362(b)(5) exempts the enforcement of all judgments obtained by police or regulatory units, except money judgments, from the automatic stay. Nevertheless, proceedings initiated to obtain money damages are exempted up to and including the entry of a money judgment. *N.L.R.B. v. P\*I\*E Nationwide, Inc.*, 923 F.2d 506, 512 (7th Cir.1991); *Nicolet*, 857 F.2d at 209–10 (citations omitted); *In re Commerce Oil Co.*, 847 F.2d 291, 296 (6th Cir.1988); *In re Kovacs*, 717 F.2d 984, 988 (6th Cir.1983), *aff'd*, 469 U.S. 274, 105 S.Ct. 705, 83 L.Ed.2d 649 (1985).[6]

Finally, the court notes that the existence of the receivership between May 6, 1991 and May 25, 1993 does not alter the legal analysis in this case. If the receivership had not been terminated, defendants would have a stronger argument that this proceeding should be stayed under § 362(a)(2). In *Ohio v. Kovacs*, 469 U.S. 274, 105 S.Ct. 705, 83 L.Ed.2d 649 (1985), the Court held that an injunction ordering the debtor to clean up a hazardous waste site was, in effect, an action to enforce a money judgment, because a receiver had taken possession of the debtor's non-exempt assets and was obliged to comply with the injunction. *Id.* at 283. In footnote 11, the Court explained that the result would have been different if no receiver had been appointed. The instant case is distinguishable from *Kovacs* because the receiver has been discharged. Furthermore, the receiver was never responsible for collecting the penalties in question.

### III. CONCLUSION

The holding in *Brock* cannot be reconciled with *Nicolet*, *Penn Terra*, and a host of cases decided outside this jurisdiction. The court is obliged to follow *Nicolet* because it contains the Third Circuit's most recent pronouncement on the scope of § 362(b)(4). Having determined that § 362(b)(4) exempts this proceeding from the bankruptcy stay, and that the Government has calculated the stipulated penalties accurately, the court will grant the Government's motion. An appropriate order follows.

### *ORDER*

AND NOW, this 8 day of November, 1993, upon consideration of the supplemental briefs in this action, and in accordance with the opinion dated today, IT IS ORDERED that judgment is hereby entered against Sugarhouse Realty, Inc. and William Thayer ("defendants") in the amount of $1,119,750.00.

---

**5.** Subsection 362(b)(5) provides in pertinent part that "[t]he filing of a petition under ... this title does not operate as a stay—under subsection (a)(2) of this section, of the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power."

**6.** The Third Circuit, in *dicta*, has taken this analysis one step further. In *Penn Terra*, 733 F.2d at 274 n. 7, the court stated that the "exercise of a State's police power may, depending on the circumstances, take the form of an execution on a money judgment." The enforcement of any judgment, however, will be a matter for the bankruptcy court.