UNITED STATES of America, Plaintiff,

v.

DELFASCO, INC., Defendant.

Civil Action No. 09–136–JJF.

United States District Court, D. Delaware.

July 15, 2009.

Ronald J. Tenpas, Esquire, Assistant Attorney General; Michael T. Donnellan, Esquire and Alan S. Tenenbaum, Esquire, of the United States Department of Justice, Environment and Natural Resources Division, Washington, DC, David C. Weiss, Esquire, Acting United States Attorney, and Ellen W. Slights, Esquire, Assistant United States Attorney, of the Office of the United States Attorney, Wilmington, DE, for Plaintiff.

Steven M. Yoder, Esquire; Theresa V. Brown–Edwards, Esquire and Gabriel R. MacConaill, Esquire, of Potter Anderson & Corroon LLP, Wilmington, DE, for Defendant.

## MEMORANDUM OPINION

FARNAN, District Judge.

Pending before the Court is a Motion for Mandatory Withdrawal of Reference on All Issues Relating to the United States' Adversary Complaint (D.I. 1), filed by Plaintiff, the United States of America, requesting the Court to withdraw the reference of Adversary Proceeding No. 08–51787–MFW from the Bankruptcy Court to this Court pursuant to 28 U.S.C. § 157(d) and Fed. R. Bankr.P. 5011. For the reasons set forth below, the Court will grant Plaintiff's Motion.

## I. STATEMENT OF FACTS[1]

Defendant/Debtor Delfasco, Inc. ("Delfasco") owns property in Grand Prairie, Texas ("Grand Prairie Property"), on

1. Because Defendant/Debtor does not dispute the basic facts regarding the contamination at and near the Grand Prairie Property, the Court makes its factual findings based on the Plaintiff's account.

which it operated its Delfasco Forge Division from 1981 to 1997. In 2002, Delfasco discovered and reported the presence of trichloroethylene ("TCE") at the Grand Prairie Property after voluntarily conducting tests and investigations under regulations promulgated by the Texas Commission on Environmental Quality. After collection and analysis of air samples from eighteen buildings located in neighborhoods adjacent to the Grand Prairie Property, the Environmental Protection Agency ("EPA") concluded that TCE vapors had migrated from groundwater into buildings located above a 65–acre plume of TCE-contaminated groundwater. In July 2008, the EPA issued an order under the Resource Conservation and Recovery Act ("RCRA") known as Unilateral Administrative Order Docket Number RCRA–06–2008–0907 ("the RCRA 7003 Order"). The RCRA 7003 Order requires Delfasco to install and maintain mitigation systems in affected residences, conduct additional testing, and conduct a complete groundwater and soil remediation.

On July 28, 2008, after the issuance of the RCRA 7003 Order, Delfasco filed for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101–1532. The United States of America ("the Government"), on behalf of the EPA, filed an Adversary Complaint against Delfasco on December 15, 2008. On December 19, 2008, the Government filed the instant Motion to Withdraw. (D.I. 1.) On January 12, 2009, Delfasco filed an Objection contending that the Government's Motion to Withdraw was filed without a concurrent Motion to Determine Core Status, as required by Del. Bankr.L.R. 5011–1.[2] (D.I. 3.) On January 15, 2009, the Government filed a Reply to Delfasco's Objection stating, *inter alia*, that it had cured the problem by filing a Motion to Determine Core Status with the Bankruptcy Court. (D.I. 4.) Delfasco then filed its Supplemental Objection (D.I. 5) on February 2, 2 009, and the Government filed its Supplemental Reply (D.I. 6) shortly thereafter.[3]

## II. DISCUSSION

Under 28 U.S.C. § 1334(b), district courts "have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Pursuant to 28 U.S.C. § 157(a), District Courts may refer cases under title 11 to the Bankruptcy Court for disposition. Under § 157(d), however, the referred proceeding can be withdrawn from the Bank-

2. This rule provides, "A motion to withdraw the reference of a matter or proceeding shall be filed with the Clerk. The Clerk shall transmit such motion to the Clerk of the District Court for disposition by the District Court. The movant shall concurrently file with the Clerk a motion for a determination by the Bankruptcy Court with respect to whether the matter or proceeding is core or non-core. All briefing shall be governed by the rules of the District Court, including those rules governing timing, unless otherwise ordered by the Court." Del. Bankr.L.R. 5011–1.

3. In its Supplemental Reply, the Government requests that the Court decline to consider Delfasco's Supplemental Objection because Delfasco failed to seek the Court's approval before filing it, in violation of D. Del. L.R. 7.1.2(b). However, as noted above, the Government violated Del. Bankr.L.R. 5011–1 by not filing its Motion to Determine Core Status with the Bankruptcy Court concurrently with the present Motion for Mandatory Withdrawal. For that reason alone, Delfasco's initial Objection (D.I. 3) deals only with the Government's failure to comply with the Bankruptcy Court's rules. It would be unfair to require Delfasco, in its initial Objection, to substantively respond to the Government's Motion for Mandatory Withdrawal when, at the time, that Motion was not properly before this Court. Under these circumstances, the Court will exercise its discretion pursuant to D. Del. L.R. 1.3 and consider the arguments raised in Delfasco's Supplemental Objection.

ruptcy Court and returned to the District Court upon the motion of either party. Section 157(d) provides for both mandatory and discretionary withdrawal. In the present action, the Government seeks withdrawal only under the mandatory standard.

■ The second sentence of § 157(d) provides for mandatory withdrawal: "The district court *shall* on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires a consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d) (emphasis added). Courts have recognized that a literal interpretation of this provision could result in an "escape hatch" through which most bankruptcy matters could routinely be removed to the district court. *In re Quaker City Gear Works, Inc.*, 128 B.R. 711, 713 (E.D.Pa.1991) (citing *In re White Motor Corp.*, 42 B.R. 693, 703–04 (N.D.Ohio 1984)). Accordingly, courts in this District have interpreted the mandatory withdrawal provision of § 157(d) to apply only where the action requires a "substantial and material" consideration of federal law outside the Bankruptcy Code. *In re Continental Airlines*, 138 B.R. 442, 444–46 (D.Del.1992). Withdrawal is inappropriate "when only a straightforward application of a federal law is required for resolution of the pending issue." *Pension Benefit Guar. Corp. v. Smith Corona Corp.*, 205 B.R. 712, 714 (D.Del.1996). Further, environmental statutes and regulations such as RCRA are " 'rooted in the commerce clause' and [are] precisely 'the type of law[s] Congress had in mind when it enacted the statutory withdrawal provision.' " *Hatzel & Buehler, Inc. v. Orange & Rockland Utils.*, 107 B.R. 34, 38 (D.Del.1989) (quoting *United States v. Johns–Manville Corp.*, 63 B.R. 600, 602 (S.D.N.Y.1986)).

■ The party seeking withdrawal bears the burden of demonstrating that the action requires a substantial and material consideration of a federal statute outside the Bankruptcy Code. *In re Continental*, 138 B.R. at 445. Applied here, this standard requires the Government to show that its Adversary Complaint requires substantial and material consideration of RCRA or other non-bankruptcy law. The Government contends that the present action meets this standard. (D.I. 2 at 1.) Specifically, the Government advances three claims for relief: (1) a declaratory judgment that its request for relief is not automatically stayed under 11 U.S.C. § 362(a)(1) because it falls within the police and regulatory exception, pursuant to 11 U.S.C. § 362(b)(4) ("Count I"); (2) an injunction under the "imminent and substantial endangerment" provision of RCRA to enforce the RCRA 7003 Order ("Count II"); and (3) civil penalties against Delfasco for its failure or refusal to comply with the RCRA 7003 Order ("Count III"). (Adv. Compl. at 6–10.) The Government further contends that "[t]he interplay between the automatic stay exception in ... 11 U.S.C. § 362(b) (4), and the injunctive provisions under [42 U.S.C. § 6973] should be harmonized by the District Court, thus requiring mandatory withdrawal." (*Id.* at 10.) Additionally, given that the RCRA affects interstate commerce, and that withdrawal is mandatory in proceedings that significantly involve interstate commerce matters, the Government argues, the present action must be withdrawn. (*Id.* at 11–13.)

In response, Delfasco responds that the Government's claims do not meet the standard for mandatory withdrawal. First, Delfasco argues that the applicability of the automatic stay on which the Government seeks declaratory judgment in Count I is a threshold matter to be resolved first by the Bankruptcy Court. (D.I. 5 ¶¶ 8,

18.) Second, Delfasco contends that even if the automatic stay does not apply, Counts II and III do not involve substantial and material consideration of environmental law, as required for mandatory withdrawal, and that the Bankruptcy Court is "more than capable of interpreting" whatever environmental provisions will need to be interpreted. (*Id.* ¶¶ 19–20.) Finally, Delfasco argues that withdrawal would cause undue delay resulting in prejudice to all the parties in interest. (*Id.* ¶ 21.)

Reviewing the Complaint in light of the standard for mandatory withdrawal, the Court concludes that the present action must be withdrawn from the Bankruptcy Court because it involves a substantial and material consideration of environmental law, particularly with respect to Counts II and III. Delfasco contends that Count II of the Complaint "is tantamount to an attempt to enforce a money judgment," and that Count III of the Complaint seeks only monetary damages, "thereby removing [the] claim from the police power exception to the automatic stay." (D.I. 5 ¶¶ 13, 17.) In the Court's view, however, the question of whether these contentions are correct will require considerable interpretation of both bankruptcy law and environmental law.

Delfasco contends that the Bankruptcy Court is "more than capable of interpreting" environmental law. However, in considering mandatory withdrawal, the issue for the Court is not whether the Bankruptcy Court *can* capably interpret environmental law, but rather whether the Bankruptcy Court will be *required* to interpret environmental law. If the action requires only a straightforward *application* of environmental law, withdrawal must be denied. On the other hand, if the action requires substantial *interpretation* of environmental law, withdrawal is mandatory. *Columbia Gas Transmission Corp. v. Columbia*

*Gas Sys., Inc.,* No. 92–453–JJF, 1993 U.S. Dist. LEXIS 1280, at *10 (D.Del. Feb. 9, 1993). Because the Court is persuaded that resolution of this action will require significant interpretation of both environmental law and bankruptcy law, the Court concludes that this action cannot remain in the Bankruptcy Court.

Delfasco points out that the question of whether the police and regulatory powers exception to the automatic stay applies is "purely a question of bankruptcy law." *In re W.R. Grace & Co.,* 384 B.R. 678, 681 (Bankr.D.Del.2008). However, this fact is not dispositive. The Third Circuit has made clear that "whether the stay applies to litigation otherwise within the jurisdiction of a district court ... is an issue of law within the competence of both the [district court] ... and the bankruptcy court ...." *Brock v. Morysville Body Works,* 829 F.2d 383, 387 (3d Cir.1987) (quoting *In re Baldwin–United Corp. Litig.,* 765 F.2d 343, 347 (2d Cir.1985)). Accordingly, the Court concludes that the applicability of the automatic stay need not be resolved by the Bankruptcy Court in the first instance.

Delfasco further contends that withdrawal would cause undue delay and prejudice to the parties; however, Delfasco has not pointed to any facts supporting its argument and relies instead upon conclusory assertions. In these circumstances, the Court cannot conclude that withdrawal should be denied on the basis of undue delay or undue prejudice to the parties.

## III. CONCLUSION

In sum, the Court concludes that the instant action requires substantial and material consideration of a federal statute outside of the Bankruptcy Code. Accordingly, the Court will grant the Government's Motion for Mandatory Withdrawal

of Reference on All Issues Relating to the United States' Adversary Complaint.

An appropriate Order will be entered.

## *ORDER*

At Wilmington, this *15* day of July 2009, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that Plaintiff's Motion for Mandatory Withdrawal of Reference on All Issues Relating to the United States' Adversary Complaint (D.I. 1) is **GRANTED**.